HUMBERTO GUIZAR, ESQ., State Bar No. 125769
3500 W. Beverly Blvd.
Montebello, CA 90640
Telephone: (323) 725-1151
Facsimile: (323) 725-0350

Attorney for Plaintiffs DORA COLATO,
MICHELLE COLATO, a minor,
by and through her Guardian Ad Litem,
DORA COLATO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA COLATO, MICHELLE COLATO, a minor, by and through her Guardian ad Litem, DORA COLATO, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF MAYWOOD, OFFICER RINGROSE, Identification Number 374, OFFICER SIERCKE, Identification Number 411, SERGEANT NIJLAND, Identification Number 331, and DOES 1 THROUGH 10, <br><br> Defendants, | Case No: **CV 07-6146 AHM (SSx)**, <br><br><br> **JOINT REPORT OF EARLY MEETING OF COUNSEL** |

**TO THE HONORABLE COURT**:

The attorneys of record for DORA COLATO, MICHELLE COLATO, a minor, by and through her Guardian ad Litem, DORA COLATO, CITY OF MAYWOOD, OFFICER RINGROSE, and OFFICER SIERCKE, having conferred telephonically with Plaintiff's counsel, hereby submit this Joint Report of Early Meeting of Counsel pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1 of the

**JOINT REPORT OF EARLY MEETING OF COUNSEL**

Local Rules of the United District Court of the Central District of California, and the Notice of Intent to Schedule the Case by the court.

**(A)   Claims and Defenses**

The Plaintiff claims that MAYWOOD Police officers, OFFICER RINGROSE, and OFFICER SIERCKE violated decedent, JUAN COLATO'S rights when they used excessive force against him following an arrest. The Plaintiff alleges that Defendants detained JUAN COLATO in the course of responding to a purported 415 P.C. disturbing the peace call at JUAN COLATO'S home. Defendants pushed Juan JUAN COLATO to the ground face down, beat and battered him, placed him in hobbles and hog-tied him and negligently left him on the ground in the face-down position, thus intentionally, knowingly, and willingly placing him in a position that hampered his respiratory and cardiac activity. When medics arrived at the scene, JUAN COLATO was having difficulty breathing and went into full cardiac arrest. JUAN COLATO died later that evening from the injuries inflicted upon him by the Maywood Police officers and their negligent use of restraints and restraining tactics. The Plaintiff has also alleged various wrongful death causes of action brought pursuant to state law.

The Defendants claim the officers were dispatched to the decedent's residence located at 3723 East 54th Street in Maywood in response to a disturbing the peace 911 request. Upon their arrival, the officers encountered decedent Juan F. Colato, who engaged in bizarre and combative behavior and appeared to be under the influence of narcotics. Decedents' erratic behavior made him a danger to himself and to the community. The officers were therefore compelled to restrain the decedent in the front yard and used only the force necessary to do so. While the decedent was restrained, the officers observed some signs of distress and immediately called paramedics to the scene. The decedent was transported to St. Francis Medical Center where he was pronounced dead approximately 30 minutes later. Deputy Medical

Examiner Yulai Wang, M.D., observed that the decedent had "a severe segmental coronary atherosclerosis with 90 percent stenosis of the left anterior descending artery." A toxicology report determined the presence of alcohol and cocaine in the decedent's system. Dr. Wang concluded the primary cause of death was coronary atherosclerosis and cocaine intoxication. Dr. Wang noted that none of the physical injuries sustained in the restraint were fatal, although the confrontation and restraint may have placed some stress on the decedent's cardiovascular system.

**(B)   Key Legal Issues**

Plaintiff's claim that the officers used excessive force against the decedent, failed to summon medical aid, and lacked probable cause to arrest the decedent.

Defendants claim that they are entitled to qualified immunity because they did not violate any clearly established constitutional rights of plaintiffs or the decedent as it would not have been clear to a reasonable officer that the defendants' conduct was unlawful in the situation they confronted.

**[C]   Other Issues**

1.   <u>Complex Cases</u>:  Counsel discussed the case and whether all or part of the procedures of the Manual for Complex Litigation (current edition) should be utilized, and determined that this action is not appropriately classified as a complex case.

2.   <u>Motion Schedule</u>:  Following the completion of discovery, one or both parties intend to make dispositive or partially dispositive motions (*i.e.*, summary judgment).  Counsel request that the Court select a date in November 2008 as the cutoff for such motions.

3.   <u>Settlement</u>:  Counsel discussed potential settlement of the case and will continue to explore the same. Plaintiffs' counsel perceive that settlement is possible, and further discussions will take place upon the completion of initial discovery. The parties are willing to participate in a settlement conference before the Magistrate

Judge assigned to the action. (Settlement Procedure No. 1 pursuant to Local Rule 16-14.4.)

4. <u>Additional Parties</u>: Plaintiffs expect to name additional parties as defendants – specifically, individual members of the City of Maywood Police Department involved in the underlying incident. Counsel for Plaintiffs request that the Court select a date in mid- 2008 as a cutoff to join any additional parties.

5. <u>Trial Estimate</u>: Counsel discussed their respective estimates. A 10-day trial is currently estimated. Plaintiffs have requested a jury trial. Defendants have also requested a jury trial in their answer.

6. <u>Trial Date</u>: Counsel request that the Court select a trial date in February 2009. Counsel will attend the Pre-Trial Conference at such time as is directed by the Court in its Scheduling Order.

7. <u>Discovery</u>: Counsel discussed their respective anticipated discovery plans, which consist of depositions of the named parties and other witnesses, interrogatories, document production requests, and requests for admissions. Depending on responses to the same, additional discovery may be undertaken. Counsel request that the Court select a date in late October, 2008 as the cutoff for such discovery. Counsel request that the Court select a date in late November 2008 as the cutoff for such motions. This date is requested in consideration of (1) the considerable number of persons who witnessed the underlying incident and/or have personal knowledge of the matters alleged in the Complaint and the Answer, and (2) existing commitments of counsel.

8. <u>Expert Witnesses</u>. Counsel will comply with the timing (at least 90 days before the trial date) and sequence directed by the Court in its Scheduling Order.

| | | |
|---|---|---|
| 1 | Dated: February 26, 2008 | LAW OFFICES OF HUMBERTO GUIZAR |
| 2 | | By: |
| 3 | | _____ |
| 4 | | HUMBERTO GUIZAR |
|   | | Attorneys for Plaintiff |
| 5 | | S G P, a minor |
| 6 | | |
| 7 | Dated: February 26, 2008 | By:_____/S/_____ |
| 8 | | _____ |
| 9 | | Attorneys for Defendant |
|   | | CITY OF MAYWOOD, et al., |

**JOINT REPORT OF EARLY MEETING OF COUNSEL**

5